UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

TERO PAUNONEN,

                Plaintiff,

  - against -

VAAS

                Defendant.

Docket No. 3:19-cv-289

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff Tero Paunonen ("Pauonen" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant VAAS ("VAAS" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of copyrighted photographs of construction sites, owned and registered by Pauonen, a professional photographer. Accordingly, Pauonen seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in Wisconsin.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Pauonen is a professional photographer in the business of licensing his photographs having a usual place of business at Yia-Haikkoontie 10A, Porvoo, Uusimaa 06400 Finland.

6. Upon information and belief, VAAS is a domestic corporation organized and existing under the laws of the State of Wisconsin, with a place of business at 14210 W. Skinner Road, Broadhead, Wisconsin 53520. At all times material hereto, VAAS has owned and operated a website at the URL: www.PacificPiles.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photographs**

7. Pauonen photographed construction sites (the "Photographs").

8. Pauonen is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. The Photographs was registered with United States Copyright Office and was given Copyright Registration Number VA 2-136-942.

**B.  Defendant's Infringing Activities**

10. VAAS ran the Photograph on the Website. Screenshots of the Photographs on the Website are attached hereto as Exhibits A, B, C and D.

11. VAAS did not license the Photographs from Plaintiff for its Wesbite, nor did VAAS have Plaintiff's permission or consent to publish the Photographs on its Website.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
## (17 U.S.C. §§ 106, 501)

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. VAAS infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. VAAS is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by VAAS have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

17. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-16 above.

18. Upon information and belief, VAAS intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

19. The conduct of VAAS violates 17 U.S.C. § 1202(b).

20. Upon information and belief, VAAS's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

21. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by VAAS intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs. VAAS also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs.

22. As a result of the wrongful conduct of VAAS as alleged herein, Plaintiff is entitled to recover from VAAS the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by VAAS because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

23. Alternatively, Plaintiff may elect to recover from VAAS statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant VAAS be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant VAAS be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York

April 15, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Tero Pauonen*